IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00914-GPG

MARVIN WASHINGTON,

     Applicant,

v.

RICK RAEMISCH, Executive Director, C.D.O.C., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

     Respondents.

---

## ORDER OF DISMISSAL

---

     Applicant, Marvin Washington, is a prisoner in the custody of the Federal Bureau of Prisons.  Mr. Washington initiated this action by filing *pro se* a document titled "Notice of Appeal" (ECF No. 1) stating he seeks to appeal from an order entered by the Colorado Supreme Court.  Although it was not clear what type of action Mr. Washington intended to pursue or what claims he was asserting, the instant action was commenced. On April 30, 2015, Magistrate Judge Gordon P. Gallagher entered an order directing Mr. Washington to cure certain deficiencies if he wished to pursue any claims in this action. In particular, Magistrate Judge Gallagher ordered Mr. Washington to file a pleading on the proper form and either to pay the filing fee or to file a properly supported motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Mr. Washington was warned that the action would be dismissed without further notice if he failed to cure the deficiencies within thirty days.

     On May 21, 2015, Mr. Washington filed a Prisoner's Motion and Affidavit for

Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 5) and a document titled "Appeal" (ECF No. 4) explaining that he seeks to appeal a Colorado Supreme Court order denying his motion for voluntary dismissal of an appeal from a decision of the El Paso County District Court.

On June 5, 2015, Magistrate Judge Gallagher entered a minute order (ECF No. 6) advising Mr. Washington that he had failed to cure all of the deficiencies because he had not filed on the proper form a pleading that provides a clear statement of the claim or claims he intends to pursue against Respondent. Magistrate Judge Gallagher directed Mr. Washington to cure this remaining deficiency within thirty days and he advised Mr. Washington that the Court lacks jurisdiction to review the Colorado Supreme Court order he identified in the document titled "Appeal."

On July 6, 2015, Mr. Washington filed a Motion for Clarification (ECF No. 7) asking the Court to clarify what pleading form he should use to cure the remaining deficiency. On July 7, 2015, Magistrate Judge Gallagher entered another minute order (ECF No. 8) granting the Motion for Clarification and advising Mr. Washington that he must file an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 if he seeks to challenge the validity of a state court criminal conviction or sentence; he must file an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 if he seeks to challenge the execution of a sentence; and he must file a Prisoner Complaint if he is not seeking habeas corpus relief. Magistrate Judge Gallagher directed Mr. Washington to file a pleading on the proper form within thirty days.

On August 7, 2015, Mr. Washington filed a Motion for Additional Extension of Time to File (ECF No. 9) requesting an extension of time to cure the remaining

2

deficiency because the facility in which he is housed does not have the appropriate habeas corpus application forms.  On August 10, 2015, Magistrate Judge Gallagher entered another minute order (ECF No. 10) granting the motion for extension of time and directing Mr. Washington to file within thirty days a pleading on the proper form that identifies the claim or claims he intends to pursue against Respondent.  Magistrate Judge Gallagher also directed the clerk of the Court to mail to Mr. Washington blank copies of the District of Colorado habeas corpus application forms.

On September 14, 2015, Mr. Washington filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 11).  Mr. Washington indicates that he is challenging the validity of his conviction in Adams County District Court case number 11CR2447, but he does not assert any claims in the application that challenge the validity of that conviction or the sentence he is serving.  Instead, Mr. Washington asserts one claim alleging he was denied due process in connection with his appeal from an El Paso County District Court order.  On August 15, 2014, the El Paso County District Court denied a petition for writ of habeas corpus and a petition for writ of mandamus in which Mr. Washington challenged the computation of his Colorado state sentence.  (*See* ECF No. 11 at 17-18.)  Mr. Washington appealed and, on December 1, 2014, the Colorado Supreme Court directed him to file an opening brief on or before January 12, 2015.  (*See id.* at 16.)  According to Mr. Washington, he timely submitted a Motion for Voluntary Dismissal Without Prejudice but the motion was lost by prison officials.  Mr. Washington has attached to the application a memorandum from a prison counselor dated March 16, 2015, that indicates Mr. Washington's timely motion for voluntary dismissal was misplaced.  (*See id.* at 11.)  On March 9, 2015, the Colorado

3

Supreme Court dismissed Mr. Washington's appeal for failure to file an opening brief. (*See id.* at 14.)  On March 20, 2015, the Colorado Supreme Court denied Mr. Washington's Motion for Voluntary Dismissal Without Prejudice.  (*See id.* at 15.)

The habeas corpus application will be denied because Mr. Washington does not assert any claims seeking habeas corpus relief.  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

With respect to the due process claim Mr. Washington asserts in the application, the Court lacks jurisdiction to consider that claim pursuant to the *Rooker-Feldman* doctrine.  In essence, the *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.").  Review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257.  *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

For these reasons, the instant action will be dismissed.  The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in

good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 5) is granted. It is

FURTHER ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice because Mr. Washington does not assert any habeas corpus claims and the Court lacks jurisdiction to consider the due process claim actually asserted. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this __18th__ day of __September__, 2015.

BY THE COURT:


 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court